IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDRICK JONES, #1692682,<br>      Plaintiff, | § § § | |
| v. | § | 3:11-CV-1411-L (BK) |
| | § § | |
| LINDA CROMER,<br>      Defendant. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. For the reasons that follow, it is recommended that Plaintiff's voluntary motion to dismiss be granted and that this case be dismissed without prejudice.

**I.   BACKGROUND**

In June 2011, Plaintiff, a Texas state inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Linda Cromer, his former girlfriend, seeking the return of his pick-up truck and household furnishings that he left following his incarceration on October 23, 2009. (Doc. 2 at 4.) The Court issued a deficiency order directing Plaintiff to pay the $350.00 filing fee or submit a proper request to proceed *in forma pauperis* ("IFP"). (Doc. 4.) The Court also issued a questionnaire inquiring about the legal basis for the complaint. (Doc. 5.) Plaintiff replied that the Court was already receiving the $350 filing fee payment, that his case involved a "small claims matter," not "any constitutional violation," and that he "did not know the correct court to file this case in." (Doc. 6, ans. 1-2; Doc. 7 at 1.)

In a second deficiency order, Plaintiff was informed that no filing fee had been assessed

for this case, but that a filing fee had been charged for an identical action against Defendant Cromer, which Plaintiff had voluntarily dismissed. *See Jones v. Cromer*, 3:11-CV-0730-O (N.D. Tex. May 6, 2011). The Court also noted that the dismissal of Plaintiff's prior action against the same defendant did not release him from the obligation to pay the filing fee previously imposed. *See Hatchett v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (*per curiam*). The Court then granted Plaintiff an extension of time to file an IFP motion or pay the required $350.00 filing fee. (Doc. 8.)

Plaintiff responded with an IFP motion and a letter requesting the Court to clarify whether he would be charged a second filing fee under the Prisoner Litigation Reform Act (PLRA). (Doc. 9 at 4.) In light of his *pro se* status, his apparent confusion about PLRA filing fees, and his fear that he could not afford a second $350 filing fee, the Court granted Plaintiff an opportunity to voluntarily dismiss this case and withdraw his IFP motion, or the Court would grant his IFP motion and assess a separate $350.00 filing fee for this subsequent action. (Doc. 10 at 1-2.)

On October 11, 2011, Plaintiff promptly filed a voluntary motion to dismiss and to withdraw his IFP motion. (Doc. 12 at 1.) His motion, however, inquires about the applicable "time limit for filing this kind of case" because he "would like to know if he could file this case on a later day when he is able to pay the court cost fees." *Id.*

## II. DISCUSSION

Although Plaintiff does not wish to proceed with this action at the present time, he requests the Court to advise him about the applicable statute of limitations. The Court cannot provide legal advice, however. In any event, the statute of limitations for filing a section 1983 case is not pertinent here. Although Plaintiff filed his complaint using the prisoner section 1983

form, it appears from his pleadings that he did not intend to file such an action against Defendant Cromer.

Insofar as Plaintiff seeks to voluntarily dismiss his section 1983 complaint, the District Court should construe the motion to dismiss as being brought under Rule 41(a)(1), of the Federal Rules of Civil Procedure, and grant the same.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's voluntary motion to dismiss (Doc. 12) be **GRANTED** and that this case be **DISMISSED** without prejudice.  It is further recommended, that Plaintiff's motions to proceed *in forma pauperis* and for return of property (Doc. 9, 11) be **DENIED** as moot.

SIGNED October 14, 2011.

                                                                  _____
                                                                  RENÉE HARRIS TOLIVER
                                                                  UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE